UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - v. -

ESTEBAN CABRERA DA CORTE,
    a/k/a "Esteban Cabrera,"
    a/k/a "Esteban Da Corte,"
    a/k/a "Steban,"

LUIS HERNANDEZ GONZALEZ,
    a/k/a "Luis Hernandez,"
    a/k/a "Luisito,"

ASDRUBAL RAMIREZ MESA,

       Defendants.

- - - - - - - - - - - - - - - - x

JUDGE FAILLA

**SEALED INDICTMENT**

(S1) 22 Cr. 439 (  )



22 CRIM 437

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 24 2022

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud and Bank Fraud)**

    The Grand Jury charges:

OVERVIEW OF THE SCHEME

    1.    From at least in or about 2020 through at least

in or about March 2022, ESTEBAN CABRERA DA CORTE, a/k/a "Esteban

Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS

HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and

ASDRUBAL RAMIREZ MESA, the defendants, engaged in a scheme to

deceive United States banks and one of the leading

cryptocurrency exchange platforms (the "Cryptocurrency

Exchange") into returning funds used to purchase more than $4

million in cryptocurrency by falsely claiming that the

cryptocurrency purchase transactions were unauthorized (the "Reversal Scheme").

     2.   To effectuate the Reversal Scheme, ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, opened accounts with the Cryptocurrency Exchange (collectively, the "Cryptocurrency Exchange Accounts") using the cellphone application for the Cryptocurrency Exchange.  Many of the Cryptocurrency Exchange Accounts were opened using fake United States passports, fake drivers' licenses, and stolen personal identifying information.  The Cryptocurrency Exchange Accounts were linked to bank accounts that CABRERA, HERNANDEZ, and RAMIREZ controlled (collectively, the "Bank Accounts").

     3.   ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, used money that had been deposited into the Bank Accounts, frequently through a series of cash deposits made using ATMs, to purchase cryptocurrency through the Cryptocurrency Exchange Accounts.  The purchased cryptocurrency was then transferred to other cryptocurrency wallets outside the Cryptocurrency Exchange controlled by CABRERA, HERNANDEZ, RAMIREZ, and their co-conspirators.

4.   After the cryptocurrency was purchased and transferred, ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, made telephone calls to the U.S. banks at which the Bank Accounts were held, during which they falsely represented that the cryptocurrency purchases were unauthorized, deceiving the banks and the Cryptocurrency Exchange into reversing those transactions and redepositing the money into the Bank Accounts.   CABRERA, HERNANDEZ, and RAMIREZ then withdrew the money from the Bank Accounts via wire transfers, cashiers' checks, and ATM cash withdrawals.   The participants in the Reversal Scheme thus defrauded the Cryptocurrency Exchange of both the purchased cryptocurrency, which was transferred to external wallets, and the funds used to purchase it.

5.   Between at least in or about 2020 through at least in or about March 2022, the operation of the Reversal Scheme by ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, and their co-conspirators resulted in U.S. banks processing more than $4 million in fraudulent

reversals and the Cryptocurrency Exchange losing more than $3.5 million worth of cryptocurrency.

<u>STATURORY ALLEGATIONS</u>

6.   From at least in or about 2020 through at least in or about March 2022, in the Southern District of New York and elsewhere, ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

7.   It was a part and an object of the conspiracy that ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign

commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

8.   It was further a part and an object of the conspiracy that ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, and others known and unknown, would and did knowingly execute, and attempt to execute, a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

9.   The allegations set forth in paragraphs 1 through 5 are repeated and realleged, and incorporated by reference as if fully set forth herein.

10.   From at least in or about 2020 through at least in or about March 2022, in the Southern District of New York and elsewhere, ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera,"

a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ
GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL
RAMIREZ MESA, the defendants, knowingly having devised and
intending to devise a scheme and artifice to defraud, and for
obtaining money and property by means of false and fraudulent
pretenses, representations, and promises, transmitted and caused
to be transmitted by means of wire, radio, and television
communication in interstate and foreign commerce writings,
signs, signals, pictures, and sounds for the purpose of
executing such scheme and artifice, to wit, CABRERA, HERHANDEZ,
and RAMIREZ engaged in a scheme to defraud the Cryptocurrency
Exchange, other cryptocurrency exchanges, and U.S. banks by
using money in the Bank Accounts to purchase cryptocurrency over
the Internet using the Cryptocurrency Exchange Accounts, which
were often opened using stolen or fake identities, and then
falsely representing to U.S. banks in interstate telephone calls
that those cryptocurrency purchases were unauthorized, causing
the U.S. banks to redeposit the funds in the Bank Accounts.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)

The Grand Jury further charges:

11.   The allegations set forth in paragraphs 1 through 5 are repeated and realleged, and incorporated by reference as if fully set forth herein.

12.   On or about October 28, 2021, in the Southern District of New York and elsewhere, ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," the defendant, and CC-1 knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, on or about October 28, 2021, CC-1 sent CABRERA a $32,000 wire transfer consisting of proceeds from the wire fraud and bank fraud conspiracy charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1957(a) and 2.)

## COUNT FOUR
### (Aggravated Identify Theft)

The Grand Jury further charges:

13.   The allegations set forth in paragraphs 1 through 5 are repeated and realleged, and incorporated by reference as if fully set forth herein.

14.   On or about June 2, 2021, in the Southern
District of New York and elsewhere, ESTEBAN CABRERA DA CORTE,
a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a
"Steban," the defendant, knowingly transferred, possessed, and
used, without lawful authority, a means of identification of
another person during and in relation to a felony violation
enumerated in Title 18, United States Code, Section 1028A(c), to
wit, the offenses alleged in Counts One and Two of this
Indictment, to wit, CABRERA opened an account with the
Cryptocurrency Exchange using a photograph of a fake Colorado
driver's license and personal identifying information, including
the name, date of birth, and social security number of another
person.

(Title 18, United States Code, Sections 1028A(a)(1) and 2.)

### COUNT FIVE
### (Aggravated Identify Theft)

The Grand Jury further charges:

15.   The allegations set forth in paragraphs 1 through
5 are repeated and realleged, and incorporated by reference as
if fully set forth herein.

16.   On or about March 18, 2021, in the Southern
District of New York and elsewhere, LUIS HERNANDEZ GONZALEZ,
a/k/a "Luis Hernandez," a/k/a "Luisito," the defendant,
knowingly transferred, possessed, and used, without lawful

8

authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the offenses alleged in Counts One and Two of this Indictment, to wit, HERNANDEZ opened an account with the Cryptocurrency Exchange using a photograph of a fake Florida Driver's license and personal identifying information, including the name, date of birth, and address of another person.

(Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## COUNT SIX
### (Aggravated Identify Theft)

The Grand Jury further charges:

17.   The allegations set forth in paragraphs 1 through 5 are repeated and realleged, and incorporated by reference as if fully set forth herein.

18.   On or about June 29, 2021, in the Southern District of New York and elsewhere, ASDRUBAL RAMIREZ MESA, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the offenses alleged in Counts One and Two of this Indictment, to wit, RAMIREZ opened an account with the Cryptocurrency Exchange using a photograph of a fake U.S. passport and personal identifying

9

information, including the name and social security number of another person.

(Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## FORFEITURE ALLEGATION AS TO THE WIRE FRAUD OBJECT OF COUNT ONE AND AS TO COUNT TWO

19.   As a result of committing the offense alleged in Count One of this Indictment ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## FORFEITURE ALLEGATION AS TO THE BANK FRAUD OBJECT OF COUNT ONE

20.   As a result of committing the offense alleged in Count One of this Indictment, ESTEBAN CABRERA DA CORTE, a/k/a "Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," LUIS HERNANDEZ GONZALEZ, a/k/a "Luis Hernandez," a/k/a "Luisito," and ASDRUBAL RAMIREZ MESA, the defendants, shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 982(a)(2)(A), any and all property

constituting, or derived from, proceeds obtained directly or

indirectly, as a result of the commission of said offense,

including but not limited to a sum of money in United States

currency representing the amount of proceeds traceable to the

commission of said offense.

### FORFEITURE ALLEGATION AS TO COUNT THREE

21.   As a result of committing the offense alleged in

Count Three of this Indictment, ESTEBAN CABRERA DA CORTE, a/k/a

"Esteban Cabrera," a/k/a "Esteban Da Corte," a/k/a "Steban," the

defendant, shall forfeit to the United States, pursuant to Title

18, United States Code, Section 982(a)(1), any and all property,

real and personal, involved in said offense, or any property

traceable to such property, including but not limited to a sum

of money in United States currency representing the amount of

property involved in said offense.

### **Substitute Assets Provision**

22.   If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due

diligence;

b.   has been transferred or sold to, or

deposited with, a third party;

c.   has been placed beyond the jurisdiction of

the court;

        d.   has been substantially diminished in value;
or

        e.   has been commingled with other property
which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), and Title 28, United States
Code, Section 2461(c), to seek forfeiture of any other property
of the defendant, up to the value of the above forfeitable
property.

> (Title 18, United States Code, Section 981;
> Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
DAMIAN WILLIAMS
United States Attorney

12

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### ESTEBAN CABRERA DA CORTE,
### A/K/A "ESTEBAN CABRERA,"
### A/K/A "ESTEBAN DA CORTE,"
### A/K/A "STEBAN,"

### LUIS HERNANDEZ GONZALEZ,
### A/K/A "LUIS HERNANDEZ,"
### A/K/A "LUISITO,"

### and

### ASDRUBAL RAMIREZ MESA,

### Defendants.

### SEALED INDICTMENT

22 Cr.     (     )

(18 U.S.C. §§ 1028A, 1343, 1349, 1957.)

DAMIAN WILLIAMS
United States Attorney

_Foreperson_

TRUE BILL, SEALED INDICTMENT
8/11/2022
MJ RWL